IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERRY GRAMMONT and ERICA ORTIZ, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. <u>1:19-cv-01523-MHC</u> ) (Removed from the State Court of ) Cobb County, Georgia) |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## MOTION OF DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY FOR SUMMARY JUDGMENT

Defendant State Auto Property and Casualty Insurance Company ("State Auto"), pursuant to Federal Rule of Civil Procedure 56, respectfully files this motion for summary judgment and shows as follows:

The pleadings, discovery and affidavits on file and the supporting materials attached to this motion show that no genuine issue of law exists, and State Auto is entitled to summary judgment in its favor as a matter of law.

This action is one for alleged breach of a contract of homeowner's insurance, bad faith, fraudulent misrepresentation, and attorney's fees. State Auto is entitled to summary judgment on all claims because the evidence proves that State Auto paid

to plaintiffs all of the monies owed to them for damages sustained to their home as a result of two losses. There is no admissible evidence that any of the additional, unpaid damages to plaintiffs' home were caused by covered causes of losses occurring within the State Auto policy period. The affidavit testimony of State Auto's experts proves that the additional damages were the result of causes of loss that preceded the State Auto policy period and/or are excluded from coverage by the provisions of the State Auto policy.

Plaintiffs also breached the State Auto policy's condition precedent to filing suit by refusing to engage in appraisal after State Auto invoked the policy's appraisal provision. Plaintiffs refused to proceed with appraisal unless State Auto first agreed to resolve the disputed cause of loss and coverage issues through appraisal, which is improper in Georgia.

State Auto is not liable to plaintiffs for bad faith damages because State Auto had reasonable grounds to refuse to pay the additional damages claimed by plaintiffs.

State Auto is not liable for alleged fraudulent misrepresentation because representations regarding coverage under an insurance policy are opinions regarding a matter of law, not statements of fact which, if untrue, would be actionable as fraud. Also, plaintiff testified that State Auto did not make the alleged false representations,

and therefore, plaintiffs did not rely upon any alleged false representations of State Auto.

Plaintiffs are not entitled to recover attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 for alleged bad faith because O.C.G.A. § 33-4-6, Georgia's bad faith statute, provides the exclusive remedy for bad faith.

This motion for summary judgment is based upon the following:

(1)    Excerpts from the transcript of the deposition of plaintiff Jerry Grammont and exhibits, which are Exhibit 1 hereto;

(2)    Excerpts from the transcript of the deposition of plaintiff Erica Ortiz and exhibits, which are Exhibit 2 hereto;

(3)    The affidavit of Jon Cherry and exhibits, which is Exhibit 3 hereto;

(4)    The affidavit of Jared E. Powell, P.E. and exhibit, which is Exhibit 4 hereto;

(5)    The affidavit of David A. Green and exhibit, which is Exhibit 5 hereto[1];

(6)    The affidavit of Jeffrey T. Giles, IH and exhibit, which is Exhibit 6 hereto;

(7)    The State Auto policy of insurance, which is Exhibit 7 hereto; and

---

[1] Due to difficulties created by the state of emergency related to the Covid-19 virus, Mr. Green has not yet been able to obtain a notary's witness on his affidavit. A revised, notarized affidavit will be substituted as soon as possible.

(8)    The brief in support of its motion for summary judgment filed contemporaneously with this motion, and

(9)    All other pleadings, depositions, affidavits and matters of record as of the time of this Court's ruling on this matter.

WHEREFORE, State Auto Property and Casualty Insurance Company respectfully requests that this Court grant summary judgment in its favor as a matter of law and that plaintiffs' complaint be dismissed.

Respectfully submitted this 4th day of May, 2020.

*/s/ Michelle A. Sherman*
WAYNE D. TAYLOR
Georgia Bar No. 701275
MICHELLE A. SHERMAN
Georgia Bar No. 835980
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

*Attorneys for Defendant State Auto Property and Casualty Insurance Company*

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JERRY GRAMMONT and ERICA ORTIZ, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| | ) | Civil Action No. 1:19-cv-01523-MHC |
| v. | ) ) | |
| | ) ) | (Removed from the State Court of Cobb County, Georgia) |
| | ) | |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION OF DEFENDANT STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY FOR SUMMARY JUDGMENT** using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

Matthew S. Brown, Esq.
The Bush Law Group, LLC
6622 South Point Drive, Suite 190
Jacksonville, Florida 32216
msbrown@bushlawgroup.net
*Attorneys for Plaintiffs Jerry Grammont and Erica Ortiz*

I further certify that, pursuant to Rule 5.1(C) of the Local Rules of the United States District Court for the Northern District of Georgia, I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 4th day of May, 2020.

*/s/ Michelle A. Sherman*
MICHELLE A. SHERMAN
Georgia Bar No. 835980